UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN MELE : 
 : PRISONER
v. : Case No. 3:06cv1741 (SRU)
 :
STATE OF CONNECTICUT, et al.[1] :

RULING AND ORDER

The plaintiff, John Mele ("Mele"),[2] brings this civil rights action *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915. Mele alleges that he was exposed to unsafe conditions of confinement at Osborn Correctional Institution. He seeks damages and injunctive relief for violation his Eighth and Fourteenth Amendment rights. For the reasons that follow, the complaint is dismissed without prejudice.

I.     Standard of Review

Whenever a prisoner files an action seeking redress from a governmental entity or an officer or employee of a governmental entity, the court must review the complaint to ensure that the case goes forward only if it contains cognizable claims. See 28 U.S.C. § 1915A(a). The court must dismiss the complaint, or any part thereof, if it is frivolous, malicious or fails to state a claim upon which relief may be granted or if it seeks monetary relief from a defendant immune from such relief. See 28 U.S.C. §§ 1915A(b) & 1915(e)(2)(B).

In order to state a claim for relief under section 1983 of the Civil Rights Act, the plaintiff

---

[1] The named defendants are the State of Connecticut, the Department of Correction, Commissioner of Correction Theresa Lantz, Deputy Commissioner of Correction Brian Murphy, John Doe and Jane Doe.

[2] Mele filed this complaint while confined at the Carl Robinson Correctional Institution in Enfield, Connecticut. He currently resided at the Sierra House in New Haven, Connecticut.

must satisfy a two-part test. First, the plaintiff must allege facts demonstrating that the defendant acted under color of state law. Second, he must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982); Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986).

II. Factual Allegations

Mele was confined at Osborn Correctional Institution ("Osborn") in Somers, Connecticut from June 15, 2006, until sometime in July 2006. Mele learned that asbestos and lead paint never were removed from Osborn. Also, on one occasion, his shirt turned brown when he washed it.

III. Discussion

Mele asserts two claims in this action. First, he contends that the failure to remove asbestos and lead paint and to correct unhealthy water may affect his health in violation of his rights under the Eighth Amendment. Second, he contends that he was not afforded due process regarding hazardous materials.

A. Eighth Amendment

The Eighth Amendment prohibits cruel and unusual punishment. An inmate may prevail on an Eighth Amendment claim if he can establish an objective element, that the actions of prison officials were sufficiently serious, and a subjective element, that the officials acted with deliberate indifference to inmate health or safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). Objectively, the inmate must allege facts demonstrating that prison officials failed to provide for inmates' basic human needs, such as food, clothing, shelter, medical care, and reasonable safety. See DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189,

200 (1989).

Courts considering this issue have held that exposure to friable, *i.e.*, broken, asbestos or flaking lead paint states a conditions of confinement claim. See, e.g., LaBounty v. Coughlin, 137 F.3d 68, 73 (2d Cir. 1998) (holding that exposure to friable asbestos states cognizable conditions of confinement claim); Cody v. Hillard, 88 F. Supp. 2d 1049, 1055 (D.S.D. 2000) (acknowledging health risk of requiring inmate workers to scrape lead-based paint). Research has revealed no cases holding that exposure to discolored water on one day states a claim for unconstitutional conditions of confinement.

Mele alleges only that he "learned" that asbestos and lead paint never had been removed from Osborn. He does not allege that he was exposed to friable asbestos or flaking lead paint during the period of between two and six weeks when he was confined at Osborn. Nor does he allege any problems with the water at Osborn other than the fact that once his shirt appeared brown after washing. The court concludes that the facts alleged do not state a claim for deprivation of his Eighth Amendment rights.

    B.    Due Process Claim

Mele also alleges that the defendants violated his right to due process, presumably, by failing to correct the conditions he alleges. Mele does not identify any procedure that he should have been afforded and the court can discern none. Thus, the court assumes that Mele is asserting a substantive, rather procedural, due process claim.

The substantive due process clause prohibits the government from depriving a person of life, liberty or property in a way that shocks the conscience or interferes with rights implicit in the concept of ordered liberty. See United States v. Salerno, 481 U.S. 739, 746 (1987).

Convicted prisoners, however, receive no greater protection from the substantive due process clause than they receive from the Eighth Amendment. See Graham v. Conner, 490 U.S. 386, 395 n.10 (1989) (same protection for excessive force claims); Whitley v. Albers, 475 U.S. 312, 327 (1986) (same protection in prison security context); see also Clemmons v. Bohannon, 918 F.2d 858, 869 (10th Cir.1990) (same protection for conditions claims).

Because the court has determined that the complaint does not state a claim for unconstitutional conditions of confinement under the Eighth Amendment, Mele's substantive due process claim fails as well.[3]

IV. Conclusion

The complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(ii) and the Clerk is directed to close this case. Mele may file an amended complaint provided he can allege facts to support an Eighth Amendment claim. Any amended complaint must be received by the court within **thirty (30)** days from the date of this order. The court concludes that any appeal from this order would not be taken in good faith.

**SO ORDERED** this 9th day of February 2007, at Bridgeport, Connecticut.

                                        /s/ Stefan R. Underhill
                                        Stefan R. Underhill
                                        United States District Judge

---

[3] Even if the court were to consider Mele's claim without regard to the Eighth Amendment standard, the court concludes that the mere presence of asbestos or lead paint in the building does not shock the conscience. Mele has not alleged that he was exposed to friable asbestos or flakes of lead paint. Nor does he allege facts establishing that water quality was unhealthy. Thus, the claim would be dismissed under the substantive due process standard as well. See Griffin v. Coughlin, 743 F. Supp. 1006, 1018 n.13 (N.D.N.Y. 1990) (employing "shocks the conscience" test as a basis for denying prisoners' substantive due process challenge to prison conditions).